IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Timothy Scott Hutten | ] |
| Plaintiff | ] |
| vs. | ] Case No: 3:10cv-0105 |
| Lt. Ricky Knight | ] JUDGE WISEMAN |
| John Maxwell | ] MAGISTRATE JUDGE GRIFFIN |
| Officers John Does | ] JURY DEMAND |
| Brentwood Police Department | ] |

## CASE MANAGEMENT ORDER

On April 2, 2010, an Initial Case Management Conference was held at 10:00 AM in this action before the Honorable Judge Griffin. Prior to the hearing, counsel for the parties conferred concerning case management issues. This Order constitutes the initial case management plan developed by the parties as required by Local Rule 11(d)(1)(b)(2) and approved by Judge Trauger at the Case Manager Conference.

1. The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331, 1343 and 28 U.S.C. § 1367(a).

2. **Mandatory Initial Disclosures.** Pursuant to Fed.R.Civ.P. 26(a)(1), all parties make their initial disclosures by April 16, 2010.

3. **Discovery.** Discovery is not stayed during dispositive motions, unless ordered by the Court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and are unable to resolve their differences and have otherwise complied with Local Rule 37.01.

4. **Dispositive Motions.** Briefs shall not exceed twenty-five (25) pages.

A. *Service of Process*.

Service of process in this case has been made on all Defendants.

B. *Responsive Pleadings*.

Defendants have not filed responses to the Complaint however Defendant City of Brentwood has filed a Motion to Dismiss.

C. *Jurisdiction of the Court*.

Jurisdiction in this case is based on the existence of a federal question. This action arises under the Constitution of the United States, Amendments One, Four and Fourteen, and the Civil Rights Act of 1871, 42 U.S.C. § 1983. The Plaintiff avers that the state claims are proper in this court under 28 U.S.C. § 1367 (a). Plaintiff also avers that all state claims are related and derive from a common nucleus of operative facts of federal claims and they are ordinarily expected to be tried in one case as they arise out of the same occurrence to the claims under 28 U.S.C. §1332. Defendants aver that this Court should decline to exercise supplemental jurisdiction over Plaintiff's alleged state law claims.

D. *Nature of the Claims.*

This is an action for damages arising from Defendants' alleged intentional and negligent acts which allegedly resulted in violation of Plaintiff's rights as guaranteed by the Constitution of the United States, Amendments One, Four and Fourteen, and the Civil Rights Act of 1871, 42 U.S.C. § 1983. The Plaintiff avers that the state claims are proper in this court under 28 U.S.C. § 1367(a).

F. *Venue*

Venue is proper in the Middle District Court of Tennessee as all events averred to in this complaint occurred in Willimson County, Tennessee. Also, all parties are residents, municipalities, or governmental agencies in the State of Tennessee.

G. *Discovery*

    a. Pursuant to Fed.R.Civ.P. 26(a)(1), all parties must make their initial disclosures on or before April 16, 2010.

    b. All fact discovery will be completed on or before September 10, 2010.

    c. Plaintiff shall disclose expert witnesses and shall provide the reports required by Rule 26(a)(2) no later than July 23, 2010, and shall make them available for deposition no later than October 22, 2010 or as otherwise agreed by the parties.

    d. Defendants shall disclose expert witnesses and shall provide the reports required by Rule 26(a)(2) no later than September 3, 2010 and available for deposition no later than November 24, 2010 or as otherwise agreed by the parties.

H. *Dispositive Motions*

Dispositive motions shall be filed on or before December 10, 2010. Responses shall be filed by January 10, 2011. Optional reply briefs may be filed fourteen (14) days after the filing of the response.

I. Trial Date

This case is set for trial beginning at 10:00 a.m. on May 3, 2011, before the Honorable Judge Thomas A. Wiseman, Jr. A pre-trial conference is for 10:00 a.m. on April 22, 2011, before the Honorable Judge Wiseman.

J. Theories and Issues

i. **Plaintiff's Theories of the Case**

The Plaintiffs in this matter have alleged that the Defendants arrested the Plaintiff in violation of his rights under the first, fourth, and fourteenth amendments to the United States Constitution. In short, Plaintiff was subjected to an illegal arrest merely because he went to the Brentwood Police Department in order to file a Complaint against one of the individual Defendant officers. Plaintiff initially called the Defendant to see how one would go about filing a complaint, was lured to the police department, and upon his arrival was ultimately arrested for disorderly conduct without ever being allowed to file his complaint. The individual officers all took part in the illegal arrest and conspired to deprive Plaintiff of his rights under the aforementioned constitutional amendments.

ii. **Defendants' Theories of the Case.**

As a preliminary issue, the events upon which the encounter between Defendants Knight, Maxwell and the plaintiff occurred, did not happen on November 17, 2009 as alleged in the Complaint. Rather, the event occurred on April 22, 2009.

Defendants Lieutenant Ricky Knight and Officer John Maxwell deny that they violated any of Plaintiff's rights under either Federal or State law. Defendant Brentwood Police Department ("BPD") denies that it can be liable to plaintiff. BPD is not a municipal entity, is not subject to suit, and thus is not a proper party.

On April 22, 2009, BPD Officers were conducting a LIDAR speed check of traffic headed north on Franklin Road in the City of Brentwood. While the speed check was in progress, Plaintiff (without any direction from the BPD officers) voluntarily slowed down, turned off of Franklin Road, and while still in his vehicle with the window rolled down, made a threatening comment to the officers about "getting a gun." Plaintiff then drove away from the scene, but shortly thereafter again drove by slowly on Franklin Road. While plaintiff was driving by the

4

area for the second time he appeared to be taking pictures of the officers. Lieutenant Knight later had telephone and in-person contact with the plaintiff. Based upon plaintiff's action, both Lieutenant Knight and Officer Maxwell reasonably believe that plaintiff had committed the offense of disorderly conduct and that the offense would continue to occur. Plaintiff was charged with disorderly conduct, and Officer Maxwell transported him to the Williamson County jail. While there, the Williamson County Judicial Commissioner issued a warrant for plaintiff's arrest. Plaintiff's criminal charge was later retired upon the condition that plaintiff would have no new charges for a period of 30 days and would have contact with law enforcement officers only for emergency purposes.

K. Issues Resolved

All issues are in dispute at this time.

L. Settlement

There have been no settlement discussions at this time. The parties shall submit a mediation report to the court by September 1, 2010.

M. Complex Issues and Special Handling

The parties see no need for adopting special procedures at this time but the parties agree that if issues should develop regarding a need for special procedures, the parties shall attempt to resolve that by agreement, and inform the Court of their proposed agreement at the appropriate case management conference and shall do so prior to filing any motion.

**IT IS SO ORDERED.**

_____
JUDGE JULIET GRIFFIN

5

Case 3:10-cv-00105   Document 13   Filed 04/02/10   Page 5 of 6 PageID #: 57

APPROVED FOR ENTRY:

HIGGINS, HIMMELBERG & PILIPONIS, PLLC


/s/ Jonathan A. Street
Jonathan A. Street #021712
116 Third Ave South
Nashville, Tennessee 37201
(615) 353-0930

**Attorneys for Plaintiff**


HOWELL & FISHER, PLLC


/s/ Robert M. Burns
Robert M. Burns #015383
Court Square Building
300 James Robertson Parkway
Nashville, TN 37201
615-255-7722

**Attorney for Defendants**


## CERTIFICATE OF SERVICE

I hereby certify that this Case Management Order is being filed electronically as required by the Local Rules of Court and the Attorney for the Defendants is receiving a copy of this document via email on this the 8th day of March, 2006.

/s/ Jonathan A. Street

6